GRAND RAPIDS EDUCATION ASSOCIATION v GRAND RAPIDS
BOARD OF EDUCATION

Docket Nos. 101693, 101723. Submitted June 20, 1988, at Lansing.
Decided August 15, 1988.

In September, 1984, certified teachers represented by the Grand
Rapids Education Association went on strike for four days.
During the strike the Grand Rapids Board of Education hired
some uncertified teachers who conducted classes. Following the
strike, the education association filed a complaint with the
Michigan Department of Education over the use of uncertified
teachers during the strike. The Michigan Department of Educa-
tion, while initially finding that uncertified teachers had been
used during the strike, in its final report did not reach the
question of certification, finding that it was unnecessary to
reach that question since the school board had provided the
statutorily mandated 180 days of instruction during the 1984-85
school year using certified teachers. The education association
sought review by the Michigan Superintendent of Public In-
struction, who denied the appeal, finding that the statutory
provision mandating reduction of state aid for use of uncertified
teachers was inapplicable where the statutorily required 180
days of instruction had been provided with certified teachers.
The education association sought review of that order in Ing-
ham Circuit Court. The circuit court, James R. Giddings, J.,
reversed the administrative determinations and orders, holding
that the provision for a reduction in state aid for the use of
uncertified teachers was applicable even where 180 days of
instruction by certified teachers had been provided during the
school year. The Grand Rapids Board of Education appealed.
The Superintendent of Public Instruction, Michigan Depart-
ment of Education and State Board of Education appealed
separately.

The Court of Appeals *held:*

The statutory provision requiring a reduction in state aid

REFERENCES

Am Jur 2d, Schools §§ 128 *et seq.*

Liability of school authorities for hiring or retaining incompetent or
otherwise unsuitable teacher. 60 ALR4th 260.

where teachers who are not legally qualified to teach are used is clear and unambiguous in its language. The fact that the statutorily mandated 180 days of instruction is satisfied with certified teachers does not change the clear mandate of the penal provision that state aid shall be reduced where unqualified teachers are used.

Affirmed.

SCHOOLS — STATE APPROPRIATION — UNQUALIFIED TEACHERS.

The provision in the State School Aid Act which provides for a reduction in state aid to a school district which uses unqualified teachers is applicable even where the school district has in the school year in which unqualified teachers are employed provided the statutorily mandated 180 days of instruction by qualified teachers (MCL 388.1701[2], 388.1763; MSA 15.1919[1001][2], 15.1919[1063]).

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Arthur R. Przybylowicz*), for appellee.

*Miller, Johnson, Snell & Cummiskey* (by *Peter A. Patterson* and *Robert J. Christians*), for the Grand Rapids Board of Education.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Frank J. Monticello,* Assistant Attorneys General, for the state officer, department and board.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

HOOD, J. The Grand Rapids Board of Education and the Superintendent of Public Instruction, Michigan Department of Education and State Board of Education (hereinafter collectively appellants) appeal as of right from an opinion and order by the Ingham Circuit Court that the Grand Rapids School District must be penalized under MCL

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

388.1763; MSA 15.1919(1063) for using uncertified teachers during four school days in September, 1984.

The facts are not in dispute. Certified teachers represented by the Grand Rapids Education Association (hereinafter appellee) engaged in a strike on the school days of September 5, 6, 7 and 10, 1984. The Grand Rapids Board of Education hired uncertified teachers and conducted classes during the strike. Appellee filed a complaint with the Michigan Department of Education. The Michigan Department of Education issued a preliminary report which stated that 175, 223, 238 and 217 uncertified teachers taught in the Grand Rapids public schools on September 5, 6, 7 and 10, 1984, respectively.

The Department of Education subsequently issued a final report which concluded that the Grand Rapids Board of Education provided 180 days of pupil instruction using certified teachers during the 1984-85 school year, as required by MCL 380.1284; MSA 15.41284 and MCL 388.1701(2); MSA 15.1919(1001)(2), exclusive of September 5, 6, 7 and 10, 1984. Therefore, the Department of Education found it unnecessary to make a determination regarding the certification status of the people employed as teachers during the strike.

Appellee appealed to the Superintendent of Public Instruction, claiming that MCL 388.1763; MSA 15.1919(1063) should have been applied against the Grand Rapids School District, reducing its state aid. The Superintendent of Public Instruction denied the appeal, finding that the State School Aid Act of 1979, read as a whole, did not require the reduction in state aid. He reasoned that certified teachers had provided the 180 days of instruction for which the Grand Rapids School District re-

ceived state aid and that, accordingly, state aid should not be reduced on the basis of the four days at issue.

Appellee appealed to the circuit court. Appellants submitted affidavits stating that the Michigan Department of Education's position and practice was to penalize a school district under MCL 388.1763; MSA 15.1919(1063) when it used uncertified teachers during its 180 days of required instruction. The trial court reversed the decisions of the Department of Education and the Superintendent of Public Instruction, finding that the language of MCL 388.1763; MSA 15.1919(1063) was clear and unambiguous. The court also reasoned that the statute's penalty provision must be enforced regardless of the 180 day requirement found in another section of the State School Aid Act of 1979, since the provisions of the two sections were designed to address different problems. We agree, and affirm.

The penalty provision involved, MCL 388.1763; MSA 15.1919(1063), states:

> As provided in the school code of 1976 [MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*], the board of a district shall not permit an unqualified teacher to teach in a grade or department of the school. A district employing teachers not legally qualified shall have deducted the sum equal to ½ the amount paid the teachers. Each intermediate superintendent shall notify the department of the name of the unqualified teacher and the district employing the unqualified teacher and the amount of salary the unqualified teacher was paid within a constituent district.

The statutory provision prohibiting uncertified teachers, MCL 380.1233(1); MSA 15.41233(1), states:

Except as provided in subsection (3), the board of a school district or intermediate school district shall not permit a teacher who does not hold a valid teaching certificate to teach in a grade or department of the school, or a teacher without an endorsement by the state board to serve in a counseling role as the role is defined by the state board.

Uncertified teachers are undisputably unqualified under MCL 388.1763; MSA 15.191(1063). Also undisputed is the fact that the Grand Rapids Board of Education provided 180 days of student instruction using certified teachers. Appellants argue that the penalty provision of MCL 388.1763; MSA 15.1919(1063) should not be applied merely because an additional four days of student instruction had been provided using some uncertified teachers. We disagree.

Where statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. [*Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986).]

MCL 388.1763; MSA 15.1919(1063) clearly and unambiguously states that a board of a school district shall not permit unqualified teachers to teach and that a district employing unqualified teachers shall be penalized. Unqualified teachers taught in Grand Rapids public schools. Therefore, the Grand Rapids School District must be penalized. There is really no need for further analysis in view of the clarity of the statutory pronouncements. However, some of appellants' arguments will be briefly addressed so that there can be no doubts concerning our conclusions.

Appellants claim that MCL 388.1763; MSA 15.1919(1063) must be read together with MCL 388.1701(2); MSA 15.1919(1001)(2) which states:

Each district shall provide a minimum of 180 days of pupil instruction. Except as provided in subsections (6) and (7), a district failing to hold 180 days of pupil instruction shall forfeit ¹⁄₁₈₀ of its total state aid appropriation for each day of failure. A district failing to comply with rules promulgated by the state board, which rules establish the minimum time pupil instruction is to be provided to pupils for the regular school year, shall forfeit from its total state aid allocation an amount determined by applying a ratio of the time duration the district was in noncompliance in relation to the minimum time pupil instruction is required. A district failing to meet both the minimum 180 days of pupil instruction requirement and the prescribed time of pupil instruction requirement shall be penalized only the higher of the 2 amounts calculated under the forfeiture provisions of this subsection. Not later than August 1, the board of each district shall certify to the department the number of days of pupil instruction in the previous school year. If the district did not hold at least 180 days of pupil instruction, the deduction of state aid shall be made in the following fiscal year from the first payment of state school aid. Days lost because of strikes or teachers' conferences shall not be counted as days of pupil instruction. A district not having 70% of the district's membership in attendance on any day shall receive state aid in that proportion of ¹⁄₁₈₀ that the actual percent of attendance bears to 70%. The state board shall promulgate rules for the implementation of this subsection.

Appellants claim that the lower court erred by not applying the *in pari materia* doctrine, which provides that statutes relating to the same subject, or having the same general purpose, should be

read together as constituting one law, although enacted at different times and containing no reference to one another. *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987). We disagree.

The statutes both concern state school aid. However, they do not have a common purpose and therefore should not be read together. MCL 388.1701; MSA 15.1919(1001) requires each district to provide a minimum of 180 days of pupil instruction. MCL 388.1763; MSA 15.1919(1063) prohibits districts from employing unqualified teachers. The statutes provide separate distinct penalties for the violation of their respective provisions and do not fall within the ambit of the doctrine of *in pari materia.*

We also reject appellants' claim that the Michigan Department of Education's longstanding interpretation of MCL 388.1763; MSA 15.1919(1063) is entitled to great deference because the Department of Education is charged with enforcing that statute. This argument is flawed because there is no evidence that the Department of Education's interpretation is longstanding. Appellants submitted the affidavits of Robert N. McKerr and Douglas B. Roberts which merely stated that the Michigan Department of Education's position and practice was to penalize a school district under MCL 388.1763; MSA 15.1919(1063) when it used noncertified teachers during its 180 days of required instruction. The affidavits state nothing about the use of noncertified teachers during days other than the 180 days of required instruction. The Michigan Department of Education's final report and the Superintendent's decision on the appeal of the final report do not indicate that the question involved in this case ever arose before, and the trial

court stated that this was a case of first impression.

Administrative interpretations that are not long-standing are not given great deference. An administrative interpretation of a statute is not conclusive and cannot be used to overcome the statute's plain meaning. *People v Dunn,* 104 Mich App 419, 425; 304 NW2d 856 (1981). The Michigan Department of Education's seminal interpretation with regard to the issue presented here cannot be used to overcome the statute's plain meaning that unqualified teachers are prohibited from teaching, regardless of when they teach.

Appellants also claim that the lower court's interpretation will lead to absurd and unjust results by punishing the Grand Rapids public schools for providing, at their own expense, more days of pupil instruction than are required. " '[D]eparture from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purpose and policies of the act in question.' " *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor,* 409 Mich 299, 320; 294 NW2d 578 (1980), quoting *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976).

It is neither absurd nor unjust to prohibit school districts from ever employing unqualified teachers. The use of such teachers could be detrimental to the education of public school children, regardless of whether those children are also taught by certified teachers for 180 days during a school year.

Finally, appellants claim that the lower court's interpretation of the statute is contrary to public policy because it harms that statute's intended beneficiaries and punishes the Grand Rapids School District's response to appellee's illegal strike. Appellants' argument is unpersuasive since

it is more reasonable to conclude that the statute's intended beneficiaries will benefit by the application of its penalty provision for the activity which the Legislature clearly prohibited.

Affirmed.