*In re* QUALITY OF SERVICE STANDARDS FOR REGULATED
TELECOMMUNICATION SERVICES

Docket No. 160258. Submitted February 2, 1994, at Detroit. Decided
   April 19, 1994, at 9:10 A.M.

   The Public Service Commission issued notice that it would accept
   comments concerning proposed quality of service standards for
   regulated telecommunication services pursuant to the Michigan
   Telecommunications Act, 1991 PA 179, MCL 484.2101 *et seq.*;
   MSA 22.1469(201) *et seq.* Following receipt of comments, the
   PSC adopted a quality of service standard that would require
   local exchange companies providing basic telephone service to
   provide at no additional charge a printed telephone directory
   that provides certain required information. The Telephone
   Association of Michigan and AT&T Communications of Michi-
   gan, Inc., filed petitions for rehearing, which were granted in
   part and denied in part, and the PSC issued modified standards.
   Michigan Bell Telephone Company appealed.

   The Court of Appeals *held:*

   1. Although Michigan Bell did not enter an appearance or
   make any comments, either to the original proposal or on
   rehearing, in the proceedings before the PSC, it has standing to
   appeal the final order inasmuch as those standards directly
   affect it and it indirectly had challenged those standards
   through the agency of the Telephone Association of Michigan,
   of which it is a member. Under such circumstances, it was an
   interested party that could intervene at the appellate level,
   providing that the intervention was prompt and it raised no
   new arguments or issues. Because the claim of appeal was filed
   within the statutory appeal period, Michigan Bell had the
   necessary standing to bring the appeal.

   2. The PSC had the authority to adopt standards relating to
   the publication of printed telephone directories. The printing of
   a directory is related directly to the furnishing of directory

REFERENCES
Am Jur 2d, Administrative Law §§ 52, 55, 58; Public Utilities
   §§ 230, 232, 240.
See ALR Index under Administrative Law; Public Service Commis-
   sions; Rates and Charges.

assistance, for which the PSC has specific jurisdiction and authority to regulate both rates and quality of service. Because the assurance of qualitative standards in printed directory service is reasonably necessary to effectuate the PSC's plenary power over rates and quality of service for local directory assistance, the PSC's power over rates and quality of service for local directory assistance implies jurisdiction over the setting of qualitative standards in printed directory service.

Affirmed.

TELECOMMUNICATIONS — TELEPHONE DIRECTORIES — PUBLIC SERVICE
    COMMISSION — JURISDICTION.

The assurance of qualitative standards in printed directory service is reasonably necessary to effectuate the Public Service Commission's plenary power over rates and quality of service for local directory assistance; the commission's power over rates and quality of service for local directory assistance implies jurisdiction over the setting of qualitative standards in printed directory service.

*Honigman Miller Schwartz & Cohn* (by *James A. Ault*), and *Michael A. Holmes*, for Michigan Bell Telephone Company.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Don L. Keskey* and *Henry J. Boynton*, Assistant Attorneys General, for the Public Service Commission.

Before: SHEPHERD, P.J., and MARILYN KELLY and J. H. GILLIS, JR.,* JJ.

PER CURIAM. Michigan Bell Telephone Company filed a claim of appeal from a December 8, 1992, opinion and order of the Michigan Public Service Commission granting in part and denying in part petitions for rehearing filed by the Telephone Association of Michigan and AT&T Communications of Michigan, Inc., modifying the PSC's September 11, 1992, standards of quality of service for regu-

* Circuit judge, sitting on the Court of Appeals by assignment.

lated telecommunications services, and giving those standards immediate effect.

On February 12, 1992, the PSC issued notice that it would accept comments regarding proposed quality of service standards for regulated telecommunication services offered under the Michigan Telecommunications Act, 1991 PA 179, MCL 484.2101 *et seq.*; MSA 22.1469(201) *et seq.* Those standards were patterned after the service guidelines adopted by the PSC in an October 1, 1990, order in Case No. U-9316, although the prior quality of service standards were established under the telephone act of 1913, 1913 PA 206.

Among the newly established standards of quality of service is § 305, which requires each local exchange company (LEC) providing basic telephone service to provide a printed telephone directory, revised annually, at no additional charge. The directories are required to list the name, address, and telephone number of all customers, except those requesting otherwise, and to include an indication of the area served, the month and year of issue, information conspicuously appearing in the front portion of the directory pertaining to emergency calls and dual party service, instructions concerning the placing of local and long distance calls and the securing of repair and directory assistance services, and locations and telephone numbers of telephone company business offices appropriate to the area served by each directory. Section 305 further provides that, in the event of an error in the listed number for any customer, the LEC shall intercept all calls to the listed number for the remaining life of the currently published directory, if existing central office equipment permits and the number is not otherwise in service.

Michigan Bell contends that such regulations

are beyond the authority of the PSC. Procedurally, Michigan Bell never entered an appearance or made any comments, either to the original proposal or on rehearing, in proceedings before the PSC. However, Michigan Bell is a member of the Telephone Association of Michigan, which did make comments and did seek rehearing, specifically objecting to the standards set forth in § 305.

The Attorney General makes the threshold contention that Michigan Bell lacks standing to appeal because it has failed to exhaust readily available administrative or legislative remedies and because it did not file any comments before the PSC at any stage of the proceedings. Additionally, it is asserted that Michigan Bell is not an aggrieved party because it has failed to establish anything more than a mere possibility of injury arising from some unknown future contingency. *Grace Petroleum Corp v Public Service Comm,* 178 Mich App 309; 443 NW2d 790 (1989).

The Attorney General misreads *Grace Petroleum;* Michigan Bell has standing to appeal because § 305 of the standards affects Michigan Bell's provision of printed directory service. *Midland Cogeneration Venture Limited Partnership v Public Service Comm,* 199 Mich App 286, 304; 501 NW2d 573 (1993).

The other aspects of standing (other than exhaustion of legislative remedies, a doctrine unknown to our jurisprudence), exhaustion of administrative remedies and appearance below, are satisfied by Michigan Bell's membership in the Telephone Association of Michigan, which did appear and challenge the propriety of § 305 of the standards before the PSC. An interested party may allow a surrogate to represent its interests and choose to intervene and formally become a party only at the appellate level in these circumstances,

provided that its intervention after final decision is prompt, it accepts the dispute in the posture in which it exists, and it does not assert new arguments or raise new issues. *United Airlines, Inc v McDonald,* 432 US 385, 394-396; 97 S Ct 2464; 53 L Ed 2d 423 (1977).

MCL 462.26(1); MSA 22.45(1) provides for appeal of right to this Court, within thirty days of any PSC order "fixing any regulations, practices or services." Michigan Bell's claim of appeal was filed within the time allowed, and this appeal is therefore properly before this Court.

Turning to the substantive issue, Michigan Bell argues that the PSC is a creature of the Legislature and all of its authority must be found in statutory enactments. *Union Carbide Corp v Public Service Comm,* 431 Mich 135, 146; 428 NW2d 322 (1988); *Huron Portland Cement Co v Public Service Comm,* 351 Mich 255, 262; 88 NW2d 492 (1958). Generally, a statute that grants power to an administrative agency is strictly construed. *Mason Co Civic Research Council v Mason Co,* 343 Mich 313, 326; 72 NW2d 292 (1955). Administrative authority must be granted affirmatively or plainly, because doubtful power does not exist. *Id.* at 326-327; *Taylor v Michigan Public Utilities Comm,* 217 Mich 400, 402-403; 186 NW 485 (1922).

The Attorney General counters by asserting that appellate review of PSC orders is narrow in scope and its decisions concerning regulations and practices are deemed lawful and reasonable prima facie, placing the burden on the party attacking such order to prove by clear and satisfactory evidence that the order of which complaint is made is unlawful or unreasonable. *Antrim Resources v Public Service Comm,* 179 Mich App 603, 619-620; 446 NW2d 515 (1989). The Court is also required to give due deference to the PSC's administrative

expertise and is not to substitute its judgment for that of the PSC. *Id.*

These principles have particular force where, as here, the agency has taken action pursuant to experimental legislation—by its terms, the Telecommunications Act expires on January 1, 1996, MCL 484.2604; MSA 22.1649(604)—to which the courts will give particular deference. *Consumers Power Co v Public Service Comm,* 189 Mich App 151, 182-183; 472 NW2d 77 (1991), quoting *Ass'n of Businesses Advocating Tax Equity v Public Service Comm,* 173 Mich App 647, 667-668; 434 NW2d 648 (1988). Courts give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that enactment. *Clarke v Securities Industry Ass'n,* 479 US 388; 107 S Ct 750; 93 L Ed 2d 757 (1987). However, that judicial deference is given only to longstanding administrative interpretations, which cannot exist with respect to a newly minted statute, such as this one. *Grand Rapids Ed Ass'n v Grand Rapids Bd of Ed,* 170 Mich App 644; 428 NW2d 731 (1988).

The correct answer to the problem here posed by this appeal is found in *Coffman v State Bd of Examiners in Optometry,* 331 Mich 582, 588-590; 50 NW2d 322 (1951):

> There is no question but that the legislature, acting under its police power, has the power and authority to prescribe minimum requirements for those who seek to become optometrists. . . .
> The right to allow an administrative agency to adopt rules and regulations to effectuate the purposes of the legislation is well recognized. . . .
>
> \* \* \*
>
> In *Ranke v Corporation & Securities Commission,* 317 Mich 304 [26 NW2d 898 (1947)], we quoted and adopted the following:

"In *California Drive-In Restaurant Association v Clark,* 22 Cal 2d 287, 302 [140 P2d 657; 147 ALR 1028 (1943)], that Court said:

" 'It is true that an administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given to it by the statute, the source of its power. . . . However, "the authority of an administrative board or officer, . . . to adopt reasonable rules and regulations which are deemed necessary to the due and efficient exercise of the powers expressly granted cannot be questioned. This authority is implied from the power granted." ' "

In 42 Am Jur, § 26, p 316 *et seq.,* it is stated:

"Administrative boards, commissions, and officers have no common-law powers. Their powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication. . . . In determining whether a board or commission has a certain power, the authority given shall be liberally construed in light of the purposes for which it was created and that which is incidentally necessary to a full exposition of the legislative intent should be upheld as being germane to the law. . . . Implication of necessary powers may be especially appropriate in the field of internal administration. However, powers should not be extended by implication beyond what may be necessary for their just and reasonable execution."

Thus, although statutes granting authority to administrative agencies generally are construed strictly, due regard must always be had to legislative intent, and powers necessary to a full effectuation of authority expressly granted will be recognized as properly appertaining to the agency. This Court recently had occasion to apply that principle in *Midland Cogeneration Venture,* 199 Mich App 297-298, where this Court held that nonregulated affiliates of a regulated utility could be required to provide information to the PSC when reasonably

necessary to the proper performance of the PSC's duties with regard to the regulated utility.

Here, the PSC seems correctly to have recognized that, although § 309(1) of the Telecommunications Act, MCL 484.2309(1); MSA 22.1469(309)(1), mandates that each provider of basic local exchange service shall furnish each customer local directory assistance and, at no additional charge to the customer, an annual printed telephone directory, § 207, MCL 484.207; MSA 22.1469(207), expressly directs that it is to regulate both rates and quality of service for local directory assistance and § 201(1), MCL 484.201(1); MSA 22.1469(201)(1), grants it jurisdiction and authority to administer the entire Telecommunications Act. Because printed directory service, when improperly provided, predictably increases the demand for local directory assistance service, for which a fee is charged, the PSC's mandate to regulate rates and quality of service for local directory assistance necessarily implies some foundation level of service accuracy with respect to the mandated printed directory.

Michigan Bell contends that the PSC had before it no evidence indicating a linkage between the two concepts. Empirical evidence, however, is not a prerequisite to the PSC's exercise of statutory jurisdiction; the issue is legislative language and intent, not wisdom or justification, which are political questions within the Legislature's exclusive purview. Because the assurance of certain qualitative standards in printed directory service is reasonably necessary to effectuation of the PSC's plenary power over rates and quality of service for local directory assistance, the PSC's power over the latter implies jurisdiction over the former. Accordingly, there being no challenge to the substance of

§ 305 of the standards, but simply to the PSC's authority to regulate printed directory service at all, Michigan Bell's challenge must be rejected.

The decision of the PSC is affirmed.