WOZNIAK v GENERAL MOTORS CORPORATION (AFTER REMAND)

Docket No. 167185. Submitted November 16, 1994, at Detroit. Decided July 7, 1995, at 9:30 A.M.

Florence Wozniak, a recipient of worker's compensation benefits from General Motors Corporation and differential benefits from the Second Injury Fund for total and permanent disability incurred in 1964, requested a hearing by the Bureau of Worker's Disability Compensation in 1988 after the defendants reduced her benefits in accordance with MCL 418.357; MSA 17.237(357) after she reached age sixty-five and became eligible for social security benefits. A magistrate upheld the reduction and determined the plaintiff's minimum benefit rate to be twenty-five percent of the state average weekly wage pursuant to MCL 418.356(3); MSA 17.237(356)(3). The Worker's Compensation Appellate Commission affirmed. The plaintiff sought leave to appeal. In lieu of granting leave to appeal, the Court of Appeals, DOCTOROFF, C.J., and CAVANAGH and MARILYN KELLY, JJ., resolved the issues by means of a peremptory opinion. 198 Mich App 172 (1993). The Court of Appeals reversed and remanded, finding that, because of the date of the injury, the plaintiff's minimum benefit rate should have been fifty percent of the state average weekly wage. The defendants did not appeal that holding. On remand, the WCAC held that the one-year-back rule, MCL 418.833(1); MSA 17.237(833)(1), restricted the plaintiff's attempt to recover amounts withheld when her benefits were paid at the improper lower rate. The plaintiff appealed by leave granted.

The Court of Appeals held:

1. The plaintiff does not seek more or additional benefits, but, rather, seeks to recover amounts that she should have been paid originally. The plaintiff's attempt to recover the full amount of the defendants' underpayment is not precluded by

REFERENCES

Am Jur 2d, Administrative Law §§ 88, 93; Workers' Compensation §§ 651, 652.

See ALR Index under Administrative Law; Statutes; Workers' Compensation.

the plain meaning of the one-year-back rule. The amounts that the plaintiff seeks to recover are not "further compensation" within the meaning of the one-year-back rule.

2. The WCAC and its predecessor, the Worker's Compensation Appeal Board, have held consistently, until this case, that the one-year-back rule does not apply to an employee's request for a rate change or correction. The interpretation applied by the WCAC in this case has not been shown to be generally applicable and has not been supported by cogent reasons. Therefore, it is not entitled to deference.

3. The plaintiff is not barred by the one-year-back rule from collecting amounts that this Court found to have been withheld wrongfully.

Reversed and remanded.

1. WORKER'S COMPENSATION — ONE-YEAR-BACK RULE — WORDS AND PHRASES — FURTHER COMPENSATION.

The term "further compensation" in subsection 1 of § 833 of the Worker's Disability Compensation Act refers to a plaintiff's application for more or additional benefits and does not limit the plaintiff's recoupment of past-due benefits originally paid at an improper rate; the plaintiff's attempt to recover the full amount of an underpayment withheld wrongfully is not precluded by the plain meaning of the one-year-back rule stated in the statute (MCL 418.833[1]; MSA 17.237[833][1]).

2. WORKER'S COMPENSATION — ONE-YEAR-BACK RULE — RATE CHANGES OR CORRECTIONS.

The one-year-back rule contained in subsection 1 of § 833 of the Worker's Disability Compensation Act does not apply to an employee's request for a rate change or correction (MCL 418.833[1]; MSA 17.237[833][1]).

3. ADMINISTRATIVE LAW — STATUTES.

An administrative agency's interpretation of a statute is not entitled to deference where the interpretation is neither generally applicable nor supported by cogent reasons; an agency's interpretation cannot overcome the plain meaning of a statute.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

AFTER REMAND

Before: WHITE, P.J., and BANDSTRA and W. P. CYNAR,* JJ.

PER CURIAM. This is a worker's compensation case. Plaintiff appeals by leave granted from a decision of the Worker's Compensation Appellate Commission. The WCAC applied the one-year-back rule, MCL 418.833(1); MSA 17.237(833)(1), to limit plaintiff's recoupment of past-due benefits originally paid at an improper rate. We reverse and remand.

In 1964, plaintiff suffered a work-related injury to her hands and wrists and was later found to be totally and permanently disabled because of incurable mental illness related to the injury. She was awarded benefits from both defendants. At the end of the mandatory eight-hundred-week period of compensation, defendants stopped paying benefits. Benefits eventually were resumed by order of a hearing referee and later affirmed by the Worker's Compensation Appeal Board (WCAB).

When plaintiff turned sixty-five, defendants reduced plaintiff's benefits to twenty-five percent of the state average weekly wage in reliance on the worker's compensation statute. See MCL 418.357; MSA 17.237(357); MCL 418.356(3); MSA 17.237(356)(3). Plaintiff challenged that decision and eventually prevailed. See *Wozniak v General*

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

*Motors Corp,* 198 Mich App 172, 182; 497 NW2d 562 (1993) (because of plaintiff's injury date, her reduced rate should have been fifty percent of the state average weekly wage); see also MCL 418.891(1); MSA 17.237(891)(1). Defendants did not appeal. On remand, the WCAC held that the one-year-back rule, MCL 418.833(1); MSA 17.237(833) (1), restricted plaintiff's attempt to recover amounts withheld when her benefits were paid at the improper lower rate. We disagree.

The one-year-back rule states that, "[i]f payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application." MCL 418.833(1); MSA 17.237(833)(1).

The statute does not define "further compensation." Therefore, this Court may consult the dictionary to ascertain the plain and ordinary meaning of that phrase. *Popma v Auto Club Ins Ass'n,* 446 Mich 460, 469-470; 521 NW2d 831 (1994). In its everyday usage, the word "further" is defined as "to a greater extent," "in addition," or "more." *The Random House College Dictionary, Revised Edition,* p 536. Here, plaintiff does not seek more or additional benefits, but, rather, seeks to recover amounts that she should have been paid originally, that is, the difference between what she was paid and what she should have been paid. Thus, we cannot conclude that plaintiff's attempt to recover the full amount of defendants' underpayment is precluded by the plain meaning of the one-year-back rule.

Additionally, until now, both the WCAC and its predecessor, the WCAB, consistently have held that the one-year-back rule does not apply to an employee's request for a rate change or correction.

See *Fuchs v General Motors Corp*, 118 Mich App 547, 552; 325 NW2d 489 (1982) (dicta); see also *McNairnie v General Motors Corp*, 1992 WCACO 66; *Boyce v Republic Airlines*, 1990 WCACO 212; *Verkeyn v Revere Mold & Engineering*, 1988 WCACO 142 (citing numerous cases dating back to 1961); *Roslanic v Hackley Hosp*, 1986 WCABO 313. The interpretation applied in this case by the wcac has not been shown to be generally applicable, nor has it been supported by cogent reasons. It is therefore not entitled to deference. *Grand Rapids Ed Ass'n v Grand Rapids Bd of Ed*, 170 Mich App 644, 650-651; 428 NW2d 731 (1988). Further, an agency's interpretation cannot overcome the plain meaning of a statute. *Ludington Service Corp v Acting Comm'r of Ins*, 444 Mich 481, 505; 511 NW2d 661 (1994).

We decline defendants' invitation to decide whether this Court's previous decision in this case should be applied retroactively to employees who did not object to the benefit reduction. We do hold, however, that plaintiff is not barred by the one-year-back rule from collecting amounts that this Court held had been withheld wrongfully.[1]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] Because defendants did not cross appeal, we decline to address their footnote argument that the wcac erred in finding that the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), did not apply to plaintiff.