VERIZON NORTH, INC v PUBLIC SERVICE COMMISSION

Docket No. 246691. Submitted September 8, 2004, at Lansing. Decided September 16, 2004, at 9:00 A.M.

The Public Service Commission initiated a public hearing process for the purpose of issuing new telecommunications quality of service rules to replace existing rules that were set to expire. After public hearings on the proposed new rules, the PSC issued an order adopting the proposed rules. Verizon North, Inc., and Contel of the South, Inc., appealed as of right.

The Court of Appeals *held*:

The PSC's authority to promulgate rules is governed by the Michigan Telecommunications Act (MTA), MCL 484.2101 *et seq.*, and in particular MCL 484.2202 and MCL 484.2213. Section 202 grants the PSC the authority to promulgate rules under § 213 to establish and enforce quality of service standards. Section 213(1), in turn, provides that the PSC may promulgate rules under the Administrative Procedures Act (APA), MCL 24.201 *et seq.* However, § 213(3) also provides that if the Michigan Supreme Court rules that MCL 24.245 and 24.246 are unconstitutional, and the Legislature fails to enact a statute requiring legislative review of administrative rules within ninety days of the Supreme Court's decision, then the PSC shall not promulgate rules under the MTA.

The Supreme Court held in *Blank v Dep't of Corrections*, 462 Mich 103 (2000), that §§ 45 and 46 of the APA are unconstitutional. The Legislature amended the MTA within ninety days of the *Blank* decision, but did not enact a statutory provision for legislative review of administrative rules. Therefore, the PSC lacked the authority under the MTA to promulgate the new proposed rules for quality of service.

Reversed.

*Honigman Miller Schwartz and Cohn LLP* (by *Daniel J. Demlow* and *Daniel L. Stanley*) and *A. Randall Vogelzang* for Verizon North, Inc.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges* and *Michael A. Nickerson*, Assistant Attorneys General, for Public Service Commission.

*Clark Hill PLC* (by *Roderick S. Coy, Leland R. Rosier*, and *Haran C. Rashes*) for Competitive Local Exchange Carriers Association of Michigan.

*Dickinson Wright PLLC* (by *Michael A. Holmes, Jeffery V. Stuckey*, and *Jennifer L. Frye*) and *Craig A. Anderson* for SBC.

*Loomis, Ewert, Parsley, Davis & Gotting, P.C.* (by *Harvey J. Messing* and *Sherri A. Wellman*), for Telecommunications Association of Michigan.

*Fischer, Franklin & Ford* (by *Arthur J. LeVasseur* and *George Hogg, Jr.*) and *John J. Reidy, III*, for AT&T Communications of Michigan, Inc., and TCG Detroit.

*Dykema Gossett PLLC* (by *Albert Ernst, Robert J. Franzinger*, and *Christine Mason Soneral*) for World-Com.

Before: SAWYER, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM. Verizon North, Inc., and Contel of the South, Inc., appeal as of right from the order of the Public Service Commission promulgating quality of service rules concerning out-of-service repairs. We reverse.

The PSC issued a notice of hearing regarding new telecommunications quality of service rules that were to replace existing rules set to expire on September 1, 2001. A public hearing was held concerning the proposed rules, and the PSC subsequently published revised

proposed rules. After another public hearing, the PSC adopted a modified version of the proposed rules in an August 20, 2002, opinion and order.

The Public Service Commission has no common-law powers. It possesses only the authority granted by the Legislature. *Consumers Power Co v Pub Service Comm,* 460 Mich 148, 155; 596 NW2d 126 (1999). Statutes are the primary source of administrative power; thus, whether an agency has a particular power is typically a matter of statutory construction. *Alcona Co v Wolverine Environmental Production, Inc,* 233 Mich App 238, 247-248; 590 NW2d 586 (1998). Although statutes granting authority to administrative agencies generally are strictly construed, due regard must be given to legislative intent and powers necessary to a full effectuation of authority expressly granted will be recognized. *In re Quality of Service Standards for Regulated Telecom Services,* 204 Mich App 607, 613; 516 NW2d 142 (1994).

The Michigan Telecommunications Act (MTA), MCL 484.2101 *et seq.,*[1] contains two provisions granting the PSC authority to promulgate regulations. Section 202 states:

> In addition to the other powers and duties prescribed by this act, the commission shall do all of the following:
>
> * * *
>
> (c) Promulgate rules under section 213 and issue orders to establish and enforce quality standards for providing telecommunication services in this state. [MCL 484.2202].

Section 213 provides:

---

[1] The MTA was initially enacted in 1991 and reenacted with certain amendments in 2000 PA 295, effective July 17, 2000.

(1) Subject to section 201, the commission may promulgate rules under the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

*  *  *

(3) If the Michigan supreme court rules that sections 45 and 46 of the administrative procedures act of 1969, 1969 PA 306, MCL 24.245 and 24.246, are unconstitutional, and a statute requiring legislative review of administrative rules is not enacted within 90 days after the Michigan supreme court ruling, the commission shall not promulgate rules under this act. . . . [MCL 484.2213.]

In *Blank v Dep't of Corrections,* 462 Mich 103; 611 NW2d 530 (2000), decided June 20, 2000, the Supreme Court held that §§ 45 and 46 of the Administrative Procedures Act (APA) are unconstitutional. The amended MTA, 2000 PA 295, was enacted and given immediate effect on July 17, 2000, after the decision in *Blank.* This act did not contain the required language to empower the PSC to promulgate rules as required by § 213(3).

"When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute." *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002). Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed, and no further judicial construction is required or permitted. *DiBenedetto v West Shore Hosp,* 461 Mich 394, 402; 605 NW2d 300 (2000). When parsing a statute, we presume every word is used for a purpose, and as far as possible, we give effect to every clause and sentence. *Pohutski, supra* at 683. We should take care to avoid a construction that renders any part of the statute surplusage or nugatory. *In re MCI Telecom,* 460 Mich 396, 414; 596 NW2d 164 (1999).

The Legislature is presumed to be aware of appellate court decisions. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 505-506; 475 NW2d 704 (1991). In this case, the Legislature specifically recognized the possibility that our Supreme Court could hold MCL 24.245 and MCL 24.246 to be unconstitutional. It provided that the PSC would retain the power to promulgate rules if a statute requiring legislative review of administrative rules were enacted within ninety days after such a Supreme Court decision. 2000 PA 295 was passed after the Supreme Court's decision in *Blank, supra,* but before the ninety-day period had expired.

The plain language of MCL 484.2213(3) expresses the Legislature's intent that the PSC shall not promulgate rules if MCL 24.245 and MCL 24.246 were found unconstitutional by the Supreme Court and no statute provided for legislative review of administrative rules was enacted within the ninety-day time period.[2] No legislation providing for legislative review of administrative rules was passed within ninety days of the decision in *Blank, supra,* and therefore the PSC lacked authority under the MTA to promulgate further rules. Therefore, the administrative rules in question are nullified.

Reversed.

---

[2] We note that various sections of the APA were amended effective March 10, 2004. 2004 PA 23. Those amendments satisfy the legislative review requirement of MCL 484.2213(3). But because the amendments were enacted beyond the ninety-day deadline and because we believe they should not be given retrospective effect, see *Etefia v Credit Technologies, Inc,* 245 Mich App 466, 474; 628 NW2d 577 (2001), the amendments do not validate post hoc the PSC's promulgation of the administrative rules at issue.