*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC R. GORGES, doing business as VOODOO
CHOPPERS, LLC,

       Plaintiff-Appellee,

v

SECRETARY OF STATE,

       Defendant-Appellant.

UNPUBLISHED
January 22, 2019

No. 339490
Oakland Circuit Court
LC No. 2017-157812-AA

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order reversing the final decision and order entered by the administrative law examiner (ALE), and remanding the matter to the ALE for further proceedings. We reverse and remand for entry of an order affirming the final decision and order entered by the ALE.

This case arises from defendant's action to revoke plaintiff's Class A new-vehicle dealer license. Plaintiff manufactures handcrafted, made-to-order motorcycles, and sells the motorcycles directly to purchasers. In 2004, plaintiff submitted an original vehicle-dealer-license application to defendant. Where the application asked for a contract or franchise agreement authorizing plaintiff to sell the motorcycles, plaintiff wrote, "We only sell the motorcycles that we manufacture." Plaintiff also provided defendant with a letter of self-certification, stating that plaintiff manufactured motorcycles for sale as new, and was allowed to sell all the motorcycles that it manufactured. Plaintiff was granted a license in 2004, and the license was renewed by defendant for 12 years thereafter.

---

[1] *Gorges v Secretary of State*, unpublished order of the Court of Appeals, entered January 25, 2018 (Docket No. 339490).

In 2016, defendant filed an administrative complaint seeking to revoke plaintiff's license due to several violations of the Motor Vehicle Code, MCL 257.1 *et seq*. An administrative hearing was held in front of an ALE in February 2017. At the hearing, it was undisputed that plaintiff was in violation of the vehicle code, but plaintiff argued that defendant was equitably estopped from revoking its license. Defendant objected, arguing that the ALE did not have equitable authority. After additional briefing, the ALE determined that he did not have equitable authority to consider plaintiff's defense of equitable estoppel, and revoked plaintiff's license for violations of MCL 257.248(6)(g) and MCL 445.1574(1)(h).

Plaintiff appealed the final decision and order to the circuit court. The circuit court determined that the ALE erred when he determined that he lacked equitable authority. The circuit court entered an order reversing and remanding the matter to the ALE to consider plaintiff's claim of equitable estoppel.

On appeal, defendant argues that the trial court erred when it reversed the final decision and order of the ALE. We agree.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). The applicability of an equitable remedy is a question of law reviewed de novo. *Auto-Owners Ins Co v Amoco Prod Co*, 468 Mich 53, 57; 658 NW2d 460 (2003). Likewise, issues of statutory interpretation and administrative rule interpretation are reviewed de novo. *Nat'l Wildlife Federation v Dep't of Environmental Quality (No. 1)*, 306 Mich App 336, 342; 856 NW2d 252 (2014).

The statute at issue is MCL 257.249, which provides in pertinent part:

> The secretary of state may deny the application of a person for a license as a dealer and refuse to issue the person a license as a dealer, or may suspend or revoke a license already issued, if the secretary of state finds that [one] or more of the following apply:
>
> * * *
>
> (b) The applicant or licensee has not complied with the provisions of this chapter or a rule promulgated under this chapter. [MCL 257.249(b).]

In the trial court, plaintiff argued that the Legislature's use of the word "may" in MCL 257.249 gave defendant discretion to renew plaintiff's license, and asserted that this gave the ALE "discretion to say yes, I found a statutory violation, but under these unique circumstances, equity should apply[.]" In its ruling, the trial court was "persuaded by [plaintiff's] arguments" and held that the ALE was "so endowed with equitable powers."

"Long ago, we recognized that the right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury." *Madugula v Taub*, 496 Mich 685, 705; 853 NW2d 75 (2014) (quotation marks, citation, and brackets omitted). "That is, '[t]he

cognizance of equitable questions belongs to the judiciary as a part of the judicial power, and under our Constitution must remain vested where it always has been vested heretofore.' " *Id*., quoting *Brown v Buck*, 75 Mich 274, 285; 42 NW 827 (1889). While an administrative agency could have equitable powers if so granted by the Legislature, see *Detroit Pub Schs v Conn*, 308 Mich App 234, 242; 863 NW2d 373 (2014), it inherently lacks "powers of a court of equity," *Delke v Scheuren*, 185 Mich App 326, 332; 460 NW2d 324 (1990), and any statute potentially granting such power must be strictly construed, *In re Quality of Serv Stds for Regulated Telecom Servs*, 204 Mich App 607, 611; 516 NW2d 142 (1994). Thus, unless expressly authorized by a statute, an administrative agency does not have equitable jurisdiction. *Huron Behavioral Health v Dep't of Community Health*, 293 Mich App 491, 497-498; 813 NW2d 763 (2011).

Plaintiff spends much time on appeal explaining why the facts of this case support his claim for equitable estoppel. Yet the question on appeal is not whether plaintiff has a claim for equitable estoppel, but whether the ALE has equitable jurisdiction. Because the ALE does not inherently have equitable jurisdiction, the only way the ALE could exercise equity here is if a statute expressly authorized that exercise. To support that the ALE has equitable jurisdiction here, plaintiff only points to MCL 257.249 and its use of the word "may." While plaintiff is correct that "may" generally denotes discretion, see *Ionia Ed Ass'n v Ionia Pub Schs*, 311 Mich App 479, 493 n 6; 875 NW2d 756 (2015), plaintiff does not adequately explain why discretion is synonymous with granting the ALE equitable jurisdiction. As recently explained by this Court, there is a distinction between equitable jurisdiction and equitable relief. See *Allen v Charlevoic Abstract & Engineering, Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 339162); slip op at 3-4. While allowing defendant discretion may, to some extent, allow it to invoke equitable *relief*, granting discretion does not confer equitable *jurisdiction*, i.e., it does not grant the ALE with authority to rule on plaintiff's claim of equitable estoppel.

This is especially true because MCL 257.249 must be strictly construed. See *In re Quality of Serv Stds*, 204 Mich App at 611. There is nothing inherent in the statute's use of the word "may" that would grant equitable jurisdiction to the ALE, and there is not language in the statute to otherwise suggest that its use of the word "may" signaled that the ALE could rule on an equitable claim when determining whether defendant could revoke a dealer license. And without an explicit statutory grant of equitable jurisdiction, the ALE does not have the "sacred" equitable authority constitutionally vested in—and generally reserved for—the courts. *Madugula*, 496 Mich at 705.

On appeal, plaintiff contends that "the use of the word 'may' in a statute authorizes the consideration of equity," and, in support of its assertion, relies on *Seaver v Superintendent, Massachusetts Corr Inst, Norfolk*, 79 Mass App 1110 n 5; 944 NE2d 1095 (2011) and its statement that "[b]y the use of the word 'may,' the statute grants discretion to the judge to entertain actions seeking equitable relief . . . ." Problematically for plaintiff, the statute in *Seaver* provided that " 'the court may consider such claims . . . for actions seeking equitable relief.' " *Id*., quoting 127 Mass Acts 38F (emphasis omitted). Thus, not only did the statute apply to a *court*, but the statute explicitly stated that it applied to actions seeking equitable relief. The other case that plaintiff cites for his assertion, *GMRI, Inc v EEOC*, 149 F3d 449, 451 n 1 (6th Cir 1998), likewise refers to "the traditional equitable discretion *of the trial court*." (Emphasis added.)

Plaintiff also, correctly, cites *Oliphant v State*, 381 Mich 630, 638; 167 NW2d 280 (1969), for the proposition that "the State, as well as individuals, may be estopped by its acts, conduct, silence, and acquiescence." But the question here is whether the ALE had equitable jurisdiction, not whether defendant could be estopped from revoking plaintiff's license. Thus, *Oliphant* has no bearing on our decision. See *De Lamielleure Trust v Treasury Dep't*, 305 Mich App 282, 287-288; 853 NW2d 708 (2014) (where the tax tribunal was not expressly authorized with equitable powers by statute, it could not estop the treasury department from assessing taxes not previously assessed due to its own errors).

In sum, neither MCL 257.249 nor any other statute granted the ALE with authority to consider plaintiff's equitable claim. And without any statute conferring equitable jurisdiction to the ALE, the trial court erred by ruling that the ALE could rule on plaintiff's claim for equitable estoppel.

Reversed and remanded to the trial court for entry of an order affirming the final decision and order of the administrative law examiner. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

-4-