MICHIGAN TRUCKING ASSOCIATION v PUBLIC SERVICE COMMIS-
SION (ON REMAND)

Docket No. 195240. Submitted August 6, 1997, at Lansing. Decided Sep-
tember 16, 1997, at 9:05 A.M. Leave to appeal sought.

    Michigan Trucking Association appealed to the Court of Appeals an
order of the Public Service Commission implementing a safety rat-
ing system for motor carrier vehicles pursuant to the Motor Carrier
Act, MCL 475.1 *et seq.*; MSA 22.531 *et seq.* The Court of Appeals dis-
missed the appeal for lack of jurisdiction and transferred the mat-
ter to the Ingham Circuit Court. The Supreme Court, in lieu of
granting leave to appeal, remanded the matter to the Court of
Appeals for consideration as an appeal as of right. *Michigan Truck-
ing Co v Public Service Comm*, 451 Mich 906 (1996).

    On remand, the Court of Appeals *held*:

    1. The association, as a group of motor carriers, has standing to
challenge the commission's order. The safety rating system bears
directly on the trucks operated by the association's members and
on their right to operate those trucks in Michigan.

    2. The Federal Aviation Administration Authorization Act of 1974,
PL 103-305, and the amendments thereto have not completely pre-
empted the Motor Carrier Act. Section 601 of the FAAAA, 49 USC
11501(h), now recodified as 49 USC 14501(c), preempts state regu-
lation of motor carriers with respect to economic issues, but does
not preempt state regulation of motor carriers with respect to vari-
ous other issues, including safety. The safety rating system promul-
gated by the commission under authority pursuant to the Motor
Carrier Act concerns safety and therefore falls squarely within the
exception to federal preemption under § 601 of the FAAAA.

    3. The commission's implementation of the safety rating system
was an exercise of permissive statutory power and, as such, was
exempt from the rule-making requirements of the Administrative
Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

    Affirmed.

1. PARTIES — STANDING.

    A party is aggrieved by a judgment or order when it operates on the
party's rights and property, or bears directly on the party's interest.

2. CARRIERS — MOTOR CARRIERS — PUBLIC SERVICE COMMISSION — SAFETY RATING SYSTEM.

Authority provided to the Public Service Commission under the Motor Carrier Act, as amended by 1993 PA 352, to develop and implement a motor carrier safety rating system was not preempted by the enactment of the Federal Aviation Administration Authorization Act of 1994; state regulation of motor carriers is preempted under the federal act with respect to economic issues, but not safety issues (MCL 479.43; MSA 22.587[3]; 49 USC 11501[h], now recodified as 49 USC 14501[c]).

3. CARRIERS — MOTOR CARRIERS — PUBLIC SERVICE COMMISSION — SAFETY RATING SYSTEM — ADMINISTRATIVE PROCEDURES ACT.

The implementation of a motor carrier safety rating system by the Public Service Commission is an exercise of permissive authority granted under the Motor Carrier Act and is not subject to the rulemaking requirements of the Administrative Procedures Act; an order issued by the commission to implement the safety rating system does not have to be promulgated pursuant to the Administrative Procedures Act as a rule (MCL 24.207[j], 479.43; MSA 3.560[107][j], 22.587[3]).

*Foster, Swift, Collins & Smith, P.C.* (by *Glen A. Schmiege* and *Robert E. McFarland*), for Michigan Trucking Association.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Don L. Keskey* and *Henry J. Boynton*, Assistant Attorneys General, for the Public Service Commission.

ON REMAND

Before: CORRIGAN, C.J., and MARKEY and MARKMAN, JJ.

PER CURIAM. Pursuant to a remand from the Supreme Court, appellant Michigan Trucking Association (MTA) appeals as of right from an order of appellee Public Service Commission (PSC) implementing a safety rating system for motor carrier vehicles pursu-

ant to the Motor Carrier Act, MCL 475.1 *et seq.*; MSA
22.531 *et seq. Michigan Trucking Co v Public Service
Comm,* 451 Mich 906 (1996). Appellant claims that the
PSC was without authority to issue the order because
the act was preempted by Congress when it enacted
the Federal Aviation Administration Authorization Act
of 1994 (FAAAA), PL 103-305. Appellant also contends
that even if the PSC had authority to implement the
safety rating system, its action is invalid because it
failed to follow proper procedures for the promulga-
tion of rules before issuing the order. We affirm.

The Motor Carrier Act was amended by the Legisla-
ture with the enactment of 1993 PA 352, effective Jan-
uary 13, 1994. One of the changes, codified at MCL
479.43; MSA 22.587(3), provides as follows:

> The public service commission, in cooperation with the
> department of state police, will develop and implement by
> rule or order a motor carrier safety rating system within 12
> months after the effective date of this article. In the rating
> system, an unsatisfactory rating shall not be imposed with-
> out an on-site safety review being conducted by the depart-
> ment of state police.

Following enactment of this statute, representatives
of the PSC Motor Carrier Regulation Division and the
Motor Carrier Division of the Michigan State Police
met to develop a system of safety ratings. On Decem-
ber 19, 1994, they recommended that the PSC adopt a
safety rating system based on the United States
Department of Transportation safety ratings and sup-
plemented by additional information from the Secre-
tary of State's office and the state police with regard
to driving records, accidents, citations, and vehicle
inspections. On January 11, 1995, the PSC issued an
order immediately implementing the safety rating sys-

tem, finding that "the process proposed by the Motor Carrier Division and the State Police . . . meets the requirements of MCL 479.43." The PSC also found that the proposed system was in the "public interest" and that a public hearing was unnecessary.

Initially, we reject the PSC's argument that appellant lacks standing to challenge the order because it is not an aggrieved party. "A party is aggrieved by a judgment or order when it operates on the party's rights and property, or bears directly on the party's interest." *Midland Cogeneration Venture Ltd Partnership v Public Service Comm*, 199 Mich App 286, 304; 501 NW2d 573 (1993); see also *In re Quality of Service Standards for Regulated Telecommunication Services*, 204 Mich App 607, 610; 516 NW2d 142 (1994). The safety rating system at issue bears directly on the trucks operated by appellant's members and on their right to operate those trucks in Michigan. Therefore, appellant has standing to challenge the order.

Appellant first argues that the PSC lacked authority to issue the order because the entire Motor Carrier Act was preempted by the amendments of the FAAAA, which were signed into law on August 23, 1994. Specifically, 49 USC 11501 was amended by adding subsection h (referred to as § 601), which states in relevant part:

> (h) Preemption of State economic regulation of motor carriers.
>
> (1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier with respect to the transportation of property.

(2) Matters not covered. Paragraph (1)

(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization. [Now recodified as 49 USC 14501(c).]

The extent to which the amendments of the FAAAA preempted the Motor Carrier Act was expressly considered in *In re Federal Preemption of Provisions of the Motor Carrier Act*, 223 Mich App 288; 566 NW2d 299 (1997). In that case, this Court rejected the argument that the amendments of the FAAAA completely preempted the Motor Carrier Act. *Id.* at 301. This Court concluded that

it is clear and unambiguous from the language of § 601 that the congressional intent was not to preempt all state regulation of the trucking industry. Section 601 expressly excepts from its preemptive effect significant aspects of regulation, including safety regulation . . . . If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent. Furthermore, the House Conference Report indicates that "economic regulation" is intended to be preempted and that states retain their authority to regulate various aspects of the transportation industry. . . . The argument that Congress intended to preempt the entire field of regulation of motor carriers fails in the face of the language of the legislation and its history. The PSC's determination that § 601 was intended to preempt only economic regulation is consistent with the language and history of the legislation. [*Id.* (citations omitted).]

In this case, it is difficult to conceive of an order that would fall more directly than the one at issue into the

express exemption for safety regulation from the scope of preemption. Therefore, we find that appellant has not met its burden of showing by clear and satisfactory evidence that the order was unlawful or unreasonable on this basis. MCL 462.26(8); MSA 22.45(8); *Federal Armored Service, Inc v Public Service Comm*, 204 Mich App 24, 27; 514 NW2d 178 (1994). We find that the rules promulgated by the PSC pursuant to its authority from the Legislature fall squarely within the scope of the exception to federal preemption under § 601(h)(2) of the FAAAA.

Appellant next argues that, even if the PSC acted within the scope of its authority in issuing the order, the order is invalid because it is essentially a rule that was not properly promulgated pursuant to the rule-making procedures set forth in the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* It is undisputed that the safety rating system in this case was not promulgated pursuant to APA procedures.

MCL 24.207; MSA 3.560(107), a provision of the APA, sets forth the definition of a rule:

> "Rule" means an agency regulation, statement, standard, policy, ruling, or instruction of general applicability that implements or applies law enforced or administered by the agency, or that prescribes the organization, procedure, or practice of the agency, including the amendment, suspension, or rescission thereof, but does not include any of the following:
>
> \*    \*    \*
>
> (j) a decision by an agency to exercise or not to exercise a permissive statutory power, although private rights or interests are affected.

In this case MCL § 479.43; MSA 22.587(3) directly and explicitly authorizes the PSC to implement, either by rule or order, a safety rating system for motor carriers. Because the safety rating system is clearly an exercise of permissive statutory power, it is exempted from formal adoption and promulgation under the APA. See *Pyke v Dep't of Social Services*, 182 Mich App 619, 630-631; 453 NW2d 274 (1990); *Hinderer v Dep't of Social Services*, 95 Mich App 716, 724-727; 291 NW2d 672 (1980); *Columbini v Director, Dep't of Social Services*, 93 Mich App 157; 286 NW2d 77 (1979). This conclusion is buttressed by the fact that the statute does not expressly require the PSC to promulgate the rating system before implementation. Cf. *Pyke, supra* at 632. In addition, it is reasonable to assume that any safety rating system would be hotly contested by the regulated carriers and that subjecting the safety rating system to the formal hearing and promulgation requirements of the APA would make it impossible for the PSC to have the system in place within twelve months, the time frame prescribed by the statute. "In construing a statute, . . . unreasonable results are to be avoided wherever possible." *In re Telecommunications Tariffs*, 210 Mich App 533, 541; 534 NW2d 194 (1995). Accordingly, we conclude that the order is valid because it falls within the exception contained in MCL 24.207 (j); MSA 3.560(107)(j).

Affirmed.