*In re* PETITION OF SPRINT COMMUNICATIONS COMPANY LP

Docket No. 274879. Submitted December 4, 2007, at Lansing. Decided December 6, 2007, at 9:00 a.m.

Sprint Communications Company, L.P., challenged, in the Public Service Commission (PSC), the determination of the Metropolitan Extension Telecommunications Rights-of-Way Oversight Authority (METRO Authority) that telecommunication providers using leased facilities must pay the annual maintenance fee imposed by the Metropolitan Extension Telecommunications Rights-of-Way Oversight Act (METRO Act), MCL 484.3101 *et seq*. The PSC set aside this determination, ruling that the maintenance fee applies only to facilities owned, not leased, by telecommunication providers. The METRO Authority appealed, and several telecommunication providers intervened as appellees.

The Court of Appeals *held*:

The plain language of the METRO Act indicates that the maintenance fee is based on linear feet of telecommunication facilities occupying public rights-of-way, and the duty to pay the fee falls on the owners of those facilities irrespective of whether the owner is utilizing or leasing those facilities.

Affirmed.

TELECOMMUNICATIONS — PUBLIC RIGHTS-OF-WAY — METROPOLITAN EXTENSION TELECOMMUNICATIONS RIGHTS-OF-WAY OVERSIGHT AUTHORITY — ANNUAL MAINTENANCE FEES.

The duty of telecommunication providers to pay the statutory annual maintenance fee for public rights-of-way occupied by their facilities falls on the owner, not the lessor, of those facilities (MCL 484.3108).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael E. Moody*, Assistant Attorney General, for the Metropolitan Extension Telecommunications Rights-of-Way Oversight Authority.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges*, *Michael A. Nickerson*, and *Patricia S. Barone*, Assistant Attorneys General, for the Michigan Public Service Commission.

*Clark Hill, PLC* (by *Roderick S. Coy*, *Leland R. Rosier*, and *Haran C. Rashes*) for Sprint Communications Company L.P.

*Dickinson Wright PLLC* (by *Jeffery V. Stuckey*, *Michael A. Holmes*, and *Christine Anne Chabot*) and *Craig A. Anderson* and *Lisa M. Bruno* for AT&T Michigan.

Before: DAVIS, P.J., and MURPHY and SERVITTO, JJ.

DAVIS, P.J. The Metropolitan Extension Telecommunications Rights-of-Way Oversight Authority (METRO Authority) appeals as of right the Public Service Commission's (PSC) determination that the annual maintenance fee established in the Metropolitan Extension Telecommunications Rights-of-Way Oversight Act (METRO Act), MCL 484.3101 *et seq.*, applies only to certain telecommunications facilities *owned* by telecommunications providers, not to such facilities *leased* by providers. We affirm.

This appeal presents a question of pure law; we do not in any way address the factual background to this matter, which appears to be undisputed in any event. Sprint Communications Company L.P. is a provider of telecommunications services, and it both owns and leases telecommunications facilities located in public rights-of-way. The METRO Authority sent to Sprint an invoice calculating Sprint's maintenance fees on the basis of the facilities owned and leased by Sprint. Sprint then disputed that invoice. The METRO Authority

determined that the maintenance fee applied to owned and leased facilities. On review de novo from the METRO Authority, the PSC overturned that determination, concluding that the maintenance fee applied only to facilities owned by telecommunications providers. The METRO Authority now appeals the PSC's determination.

As this case presents an issue of statutory construction, our review is de novo. *In re Michigan Cable Telecom Ass'n Complaint*, 239 Mich App 686, 690; 609 NW2d 854 (2000). Furthermore, subsections of a statutory section "are not to be read discretely, but as part of a whole." *Mayor of Lansing v Pub Service Comm*, 470 Mich 154, 167-168; 680 NW2d 840 (2004); see also *Apsey v Mem Hosp*, 477 Mich 120, 130; 730 NW2d 695 (2007) ("it is a well-settled rule of law that, when construing a statute, a court must read it as a whole"). We generally defer to the expertise of the PSC and any of its longstanding constructions of statutes it is charged with interpreting, but "initial interpretation of new legislation is not entitled to the same measure of deference as is a longstanding interpretation." *In re Michigan Cable Telecom Ass'n Complaint, supra* at 690.

The METRO Authority was established by the METRO Act. It is charged with "assess[ing] the fees required under this act" and given "the exclusive power to assess fees on telecommunication providers owning telecommunication facilities in public rights-of-way within a municipality in a metropolitan area to recover the costs of using the rights-of-way by the provider." MCL 484.3103(3). The PSC reviews decisions of the METRO Authority de novo. MCL 484.3117. Contrary to the METRO Authority's urging, we conclude that it would be unreasonable to give any special deference to the METRO Authority's interpretation of the statute at issue when reviewing de novo a determination by an

agency that is not itself required to give deference to the
METRO Authority. In any event, given that the deter-
minations at issue were "initial," and given that the
outcome of this matter depends more on ordinary
principles of statutory interpretation than on expert
analysis of any aspects particular to telecommunica-
tions equipment or the telecommunications industry,
the measure of deference ordinarily afforded to the PSC
when reviewing a decision of the METRO Authority is
of no practical significance here.

The fee at issue in this case is set forth in MCL
484.3108, which provides in relevant part as follows:

> (1) Except as otherwise provided by this act, a provider
> shall pay to the authority an annual maintenance fee as
> required under this act.
>
> (2) The authority shall determine for each provider the
> amount of fees required under this section. . . .
>
> * * *
>
> (4) Except as otherwise provided under subsection (6),
> for each year after the initial period provided for under
> subsection (3), a provider shall pay the authority an annual
> maintenance fee of 5 cents per each linear foot of public
> right-of-way occupied by the provider's facilities within a
> metropolitan area.
>
> (5) The fee required under this section is based on the
> linear feet occupied by the provider regardless of the
> quantity or type of the provider's facilities utilizing the
> public right-of-way or whether the facilities are leased to
> another provider.

The relevant statutory definition of a "provider" found
in MCL 484.3102(k) explicitly includes owners of "tele-
communication facilities located within a public right-
of-way," see MCL 484.3102(k)(*ii*); it does not explicitly
include lessees of such facilities, but it also does not

explicitly *exclude* lessees. At issue is whether the area "occupied" by "the provider's facilities" contemplates only facilities that are owned by the provider (as the PSC concluded) or whether it encompasses both facilities that are owned and facilities that are leased by a provider (as the METRO Authority concluded).

We hold that the plain language of the METRO Act supports the PSC's conclusion. The text of subsections 8(4) and (5) do not refer to a provider as occupying part of the public right-of-way, but rather to a "provider's facilities" occupying part of a right-of-way. The focus of the fees at issue is therefore on how many feet of right-of-way *the facilities* occupy, not how many feet of facilities are in use by a given provider. MCL 484.3108(5) plainly states that the fee is based on linear feet occupied by the facilities in the right-of-way, not on the linear feet of facilities utilized. In addition, the METRO Authority's grant of exclusive authority to assess fees is limited to "telecommunication providers *owning* telecommunication facilities in public rights-of-way." MCL 484.3103(3) (emphasis added). In MCL 484.3108(7) through (9), explicit references are made to facilities "owned" by providers, and those subsections appear to treat "the provider's facilities" as essentially synonymous with facilities "owned" by those providers. With two specific exceptions that do not apply here,[1] leasing of facilities is not otherwise discussed in the METRO Act.

---

[1] MCL 484.3108(19) and (20) provide for a broad exclusion of certain entities from the duty to pay fees required by the METRO Act, but also specify that those entities must pay the fees required by the act for "facilities leased or otherwise provided to an unaffiliated telecommunication provider." Even under these circumstances, responsibility for payment falls on the owner, and we note that this would be irrelevant if lessees were to pay the fees themselves.

In short, we conclude that the maintenance fee imposed by the METRO Act is based on linear feet of telecommunications facilities occupying public rights-of-way, and the duty to pay the fee falls on the owner of those facilities, irrespective of whether the owner is utilizing or leasing those facilities. Although we note that there is no reason why the owner cannot pass the cost of the fee on to lessees as part of the lease, the maintenance fee is not assessed on the lessees. The Public Service Commission correctly interpreted the relevant portions of the statute.

Affirmed.