# STATE OF MICHIGAN

# COURT OF APPEALS

ANISSA GASKIN,

        Plaintiff-Appellant,

v

CYNTHIA RIDER, D.M.D.,

        Defendant-Appellee.

UNPUBLISHED
May 10, 2018

No. 337710
Jackson Circuit Court
LC No. 16-002937-NH

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) on the grounds that plaintiff's affidavit of merit was fatally defective. The court found that the expert who signed the affidavit did not meet the requirements of MCL 600.2169, and that plaintiff's counsel could not have had a reasonable belief that the expert did meet the requirements. For the reasons set forth below, we affirm.

On referral from her general dentist, plaintiff had a tooth extracted by defendant, a dentist, board certified in maxillofacial surgery. After the procedure, several complications developed, which plaintiff assert were the result of malpractice on the part of defendant. When plaintiff initially filed suit, her complaint was not accompanied by an affidavit of merit as required. Because defendant had failed to comply with statutorily mandated pre-suit discovery, plaintiff was granted an additional 91 days to file the affidavit. MCL 600.2912d(3). Within that period, plaintiff filed an affidavit of merit signed by Dr. Willeam Choby, DMD. Dr. Choby averred that he was "engaged in the full time practice of dentistry that includes dental implants and oral surgery . . .," outlined the applicable standards of care for tooth extraction and how defendant breached those standards, and concluded that defendant's breach was the actual and proximate cause of plaintiff's injuries. Dr. Choby, although he has a particular clinical interest in implants, is a general practice dentist with no formal specialty and no board certification.

As a general practice dentist, Dr. Choby does not have the credentials required by statute to testify against defendant regarding the standard of care. MCL 600.2169 provides that

        (a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the

-1-

testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

When the expert who signs the affidavit of merit does not meet MCL 600.2169's requirements, the affidavit is defective and the case will be dismissed unless the plaintiff can show that counsel "reasonably believe[d]" that the expert "meets the requirements for an expert witness under section 2169." MCL 600.2912d.

Given the defective affidavit, defendant moved for dismissal. Plaintiff responded that dismissal was improper because counsel had a reasonable belief that Dr. Choby did qualify to testify regarding standard of care. The trial court concluded that Dr. Choby did not qualify and that it would not have been reasonable to conclude otherwise given the information available to plaintiff. Plaintiff appealed.[1]

In reviewing the issue presented, we, like the trial court considered the information that was available to plaintiff's counsel concerning the fact that defendant was a board-certified specialist. "Although we recognize that at the affidavit-of-merit stage, the plaintiff's counsel may have limited information available to ensure a proper matching between the plaintiff's expert and the defendant, and must therefore be allowed considerable leeway in identifying an expert affiant, such leeway cannot be unbounded." *Bates v Gilbert*, 479 Mich 451, 458; 736 NW2d 566 (2007) (quotation marks and citation omitted).

It is undisputed that at the time this case arose, the defendant was a specialist in oral and maxillofacial surgery, which is a dental specialty recognized in Michigan. Michigan Administrative Code R 338.11501(1)(a). Accordingly, Dr. Choby, in order to satisfy the requirements of MCL 600.2169(1)(a), needed to specialize in the same area. MCL 600.2169(1)(a). Dr. Choby was a licensed general dentist engaged in the full-time practice of dentistry, which included dental implants and oral surgery. His affidavit did not claim that he was a specialist in oral surgery.

We agree with the trial court's conclusion that any belief that Dr. Choby shared defendant's specialty and certification was not reasonable. Dr. Choby's affidavit averred that he was "a general dentist." Therefore, unless a person could have reasonably concluded that defendant was not a specialist, but rather a general dentist, they could not have reasonably believed that Dr. Choby met the requirements of MCL 600.2169. Plaintiff's counsel argues that, despite his best efforts, he was not able to locate any licensure information for defendant on the Michigan Department of Licensing and Regulatory Affairs (LARA) website. However, as defendant points out, the LARA website does show that defendant held licenses as a dentist, oral

---

[1] A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). We also review de novo issues of statutory interpretation. *Ameritech Mich v Michigan PSC*, 239 Mich App 686, 690; 609 NW2d 854 (2000).

surgeon, and in the pharmacy profession.[2]  Accordingly, the information that defendant was a licensed oral surgeon was publicly available to plaintiff before she filed her lawsuit.  Perhaps most tellingly, plaintiff's complaint properly identified defendant as a maxillofacial surgeon.

Plaintiff relies on *Woodard v Custer*, 476 Mich 545, 558-560; 719 NW2d 842 (2006), which held that it is the most relevant specialty that must control where multiple specialties are in play.  Plaintiff's reliance is misplaced, however.  *Woodard* stated, "If a defendant physician is a specialist, the plaintiff's expert witness must have specialized in the same specialty as the defendant physician at the time of the occurrence that is the basis for the action." *Id*. at 578.  As noted above, plaintiff seemed to recognize in her complaint that defendant was a specialist in the area of oral and maxillofacial surgery, and that she was practicing that specialty at the time of the alleged malpractice.  Plaintiff's complaint alleges that "[d]efendant had a duty to provide dental/medical care consistent with the applicable standards of care for *specialists in oral and maxillofacial surgery*." (Emphasis added).  Moreover, the complaint contains several other allegations in her complaint referring to defendant as an oral and maxillofacial surgeon.  Therefore, by her own assertions, plaintiff knew that defendant was practicing as a specialist in oral and maxillofacial surgery when she treated plaintiff.

In sum, plaintiff's affidavit of merit was signed by an expert who was a general dentist, not an expert in oral and maxillofacial surgery, and so could not satisfy the requirements of MCL 600.2169.  And because substantial information concerning defendant's qualifications was available, a conclusion that she was a general dentist was not reasonable.  Accordingly, the trial court properly granted defendant's motion for summary disposition.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[2] The registration page does not list the issue date for defendant's oral surgeon license; however, the page details that defendant's oral surgeon license expires August 31, 2020.  A license in the dental profession must be renewed every three years.  Michigan Administrative Code R 338.11701(2).  Therefore, defendant's previous license would have expired August 31, 2017, at the latest, which was after plaintiff filed her lawsuit.