# STATE OF MICHIGAN

# COURT OF APPEALS

UNIVERSITY OF MICHIGAN REGENTS,

      Plaintiff-Appellant,

v

VICTOR VALENTINO, J.D., PC,

      Defendant-Appellee.

UNPUBLISHED
May 29, 2018

No. 339198
Washtenaw Circuit Court
LC No. 16-001122-CK

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Larry Reed was catastrophically injured in an automobile accident. He was transported to the University of Michigan hospital, where he stayed for a lengthy period and was given medical treatment. Reed had a valid no-fault insurance policy with the American Automobile Association (AAA).

Victor Valentino, a personal-injury attorney and the principal of defendant, met with Reed in the hospital. Reed retained defendant to assist him with his no-fault insurance claim. Defendant's retainer for representation included a one-third contingency fee "of the net recovery . . . received through suit, settlement, or in any other manner." Defendant wrote to AAA asserting an attorney's lien on the proceeds of the no-fault insurance claim.

Plaintiff began sending medical bills to AAA, and AAA initially sent payment for those bills directly to plaintiff. Upon being reminded of defendant's attorney's lien, AAA then began forwarding payments for healthcare expenses to defendant, using two-party checks listing both plaintiff and defendant as payees. One check in particular was for $280,953.99 (Check 18). Defendant tried to negotiate with plaintiff for a reduced amount for payment of Reed's medical bills, with the intention that defendant would retain the remainder as its attorney fee pursuant to its contingency-fee agreement with Reed. Plaintiff indicated that it expected full payment of its bills.

Plaintiff then filed a five-count complaint alleging conversion, tortious interference with a contract, claim and delivery, declaratory relief, and injunctive relief. After plaintiff initiated

-1-

the lawsuit, defendant sent plaintiff a check for two-thirds of Check 18, retaining one-third of the amount as its attorney fee.

Defendant then filed a motion for summary disposition. The trial court granted defendant's motion, finding that plaintiff had no right to the payments from AAA and had no cause of action against defendant.

Plaintiff argues on appeal, among other things, that defendant had no right to the no-fault payments made by AAA because plaintiff was entitled to the insurance proceeds.

We review do novo a trial court's decision regarding a motion for summary disposition. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim, and summary disposition under this subrule is appropriate when there is no genuine issue concerning any material fact. *Universal Underwriter's Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), a court considers all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006). This Court also reviews de novo issues of statutory interpretation. *Ameritech Mich v Michigan PSC*, 239 Mich App 686, 690; 609 NW2d 854 (2000).

We find *Covenant Med Ctr, Inc v State Farm*, 500 Mich 191; 895 NW2d 490 (2017), dispositive. The Michigan Supreme Court recognized in *Covenant* that, although there is a common practice of allowing insurers to pay a healthcare provider directly, the healthcare provider is not entitled to direct payment. See *id*. at 204-205, 208-209. The Supreme Court stated that the no-fault act "does not establish a . . . claim enforceable by an insured's benefactors." *Id*. at 214. The *Covenant* Court indicated that the no-fault act does not refer to, or even contemplate, allowing a healthcare provider to have a statutory entitlement to no-fault insurance proceeds. *Id*. at 216. Applied to this case, *Covenant* makes clear that plaintiff does not have a claim to the insurance proceeds under the no-fault act. Instead, Reed, as the injured party, was the only person entitled to the insurance proceeds.

Reed, as the injured party and person who received medical treatment from plaintiff, incurred the charges for healthcare. See *id*. at 207. Therefore, Reed would still be liable for the remainder of his medical bills, and plaintiff could theoretically still pursue the remainder from him.[1] Both *Covenant*, *id*. at 217, and *Miller v Citizens*, 490 Mich 904; 804 NW2d 740 (2011), support this course of action. But plaintiff, as a party not entitled to the insurance proceeds, does not have a cause of action against defendant for retaining funds given to it by Reed pursuant to

---

[1] Unfortunately, Reed claimed Chapter 7 bankruptcy while this case was proceeding.

their own, independent agreement. See, generally, *id.*[2] Accordingly, we hold that the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[2] Plaintiff is correct in stating that there was no attorney-client agreement between itself and defendant, and thus it is not *liable* for defendant's attorney-fee charges. But what occurred in the present case is not the ordering of plaintiff to pay for defendant's fees. What occurred, in essence, is that *Reed* paid defendant's fees, and the simple reality is that plaintiff does not have an entitlement, under *Covenant*, to the money that Reed received from AAA.